UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY E. MOORE,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 23-cv-1316-JPG
Criminal No. 06-cr-40063-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Anthony E. Moore's motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). It has come to the Court's attention that this is not Moore's first § 2255 motion. He filed his first motion in October 2012, and the Court denied it. *See Moore v. United States*, 12-cv-1107-JPG (July 24, 2013). In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). It has not done so and has, in fact, twice expressly denied Moore permission to file a successive petition. *See* Appeal No. 18-1756 (7th Cir. Apr. 20, 2018); Appeal No. 16-1719 (7th Cir. Apr. 8, 2016). Therefore, this Court does not have jurisdiction to entertain the pending § 2255 motion. Accordingly, the Court **DISMISSES** this action **for lack of jurisdiction** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003). The Court finds that Moore has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:   April 24, 2023**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**